# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR-10-165-R |
| ) | CIV-16-677-R |
| WILLIAM BERNARD FREEMAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to 28 U.S.C. § 2255(g)(2), the United States Court of Appeals for the Tenth Circuit granted Mr. Freeman authorization to file a second or successive motion under 28 U.S.C. § 2255, to permit him to pursue a claim based on *Johnson v. United States*, 135 S.Ct. 2551 (2105). (Doc. No. 149). The basis of the instant § 2255 motion is the enhancement of Mr. Freeman's sentence in this criminal case in light of his status as a career offender, because he had "two prior qualifying felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Court of Appeals authorized the successive motion because the relevant language of the sentencing guidelines defining "crime of violence" included a residual clause identical to that contained in the Armed Career Criminal Act, which provision the Supreme Court declared unconstitutionally vague in *Johnson*. Upon receipt of Defendant's motion, the Court ordered the United States to file a response. In lieu of a response, the United States requested the Court hold the motion in abeyance pending the outcome of a case then pending before the Supreme Court of the United States, *Beckles v. United States*. (Doc. No. 156). In response to an order entered by the Court on September 19, 2016, appointed

counsel filed a supplemental response to the Government's motion, addressing additional issues therein as mandated by the Courts' Order. On November 23, 2016, the Court granted the Government's request and ordered the § 2255 motion held in abeyance until the Supreme Court rendered a decision in *Beckles*. The Supreme Court issued it decision on March 6, 2017 WL 855781 (2017), and as a result, the Court need not delay consideration of the merits of the motion.

In *Johnson*, the prisoner successfully argued his sentence was unconstitutional because it relied on unconstitutionally vague language defining "crime of violence" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). In *Beckles*, the Supreme Court held that the unconstitutional-vagueness holding of *Johnson* does not apply to the residual clause in the sentencing guidelines despite relying on an identical definition of the term "crime of violence." Because Defendant herein was designated a career offender under the Guidelines, not the Act, he cannot prevail on his current challenge. Additionally, it would be futile for Mr. Freeman to amend his petition to include an argument regarding his prior conviction in Case No. CF-2007-1643 for this same reason.[1] Accordingly, the motions, set forth in Doc. Nos. 150, 154, and 155 are DENIED.[2]

IT IS SO ORDERED this 16th day of March 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Petitioner seeks to rely on *Mathis v. United States*, 136 S.Ct. 2243 (2016), his claims fail because *Mathis* does not apply retroactively to cases on collateral review. *United States v. Eric Taylor*, No. 16-6223, —— Fed.Appx. ——, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016). Accordingly, the Motion to Amend (Doc. No. 155) is DENIED.

[2] The Court hereby DENIES Defendant's Motion for Extension of Time (Doc. No. 147), because therein Mr. Freeman sought equitable tolling of the statute of limitations period for filing a motion for reconsideration. The motion was filed after the Tenth Circuit Court of Appeals affirmed denial of Petitioner's initial § 2255 motion, and the Court cannot ascertain what judgment tor ruling Mr. Freeman anticipated challenging when he filed that motion in April 2015. .