IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-10-165-R |
| ) | |
| WILLIAM BERNARD FREEMAN, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court are Defendant William Bernard Freeman's pro se Motion for Compassionate Release Pursuant to Title 18 U.S.C. 3582(c)(1)(A) (Doc. No. 188), Motion to Supplement and Amend the Request for Compassionate Release (Doc. No. 199), and Motion to Appoint Counsel (Doc. No. 200). The Government has filed responses (Doc. Nos. 193, 203), and, accordingly, Defendant's motions are ripe for consideration. Having considered the parties' submissions, the Court DENIES Defendant's motions.

On March 4, 2011, the Court sentenced Defendant to 210 months imprisonment pursuant to his conviction on a one-count indictment for bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2(a) (aiding and abetting). (Doc. No. 81 at 1–2). Citing 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018, Defendant requests that the Court grant him compassionate release. (Doc. No. 188 at 1; Doc. No. 199 at 1). Defendant's initial motion asserted that his "underlying health condition of hypertension, post-sentencing rehabilitation, and . . . the ongoing coronavirus pandemic" constituted "extraordinary and compelling reasons" warranting a reduction in his sentence. (*Id.*). After the Government

filed a response (Doc. No. 193), the Court issued an order denying Defendant's initial motion for compassionate release on April 20, 2022 (Doc. No. 195). On April 28, 2022, Defendant filed a Motion for an Extension of Time to reply to the Government's response. (Doc. No. 196). The Court subsequently struck its initial order, granted Defendant thirty days to file a reply (Doc. No. 197) and directed the Government to respond by June 27, 2022 (Doc. No. 201).[1] Defendant timely filed a reply (Doc. No. 198) and the Motion to Supplement and Amend the Motion for Compassionate Release (Doc. No. 199). Because neither filing raises new facts or arguments that call the Court's initial order into question, the Court adopts its reasoning from its initial order and finds that neither Defendant's medical condition nor his post-sentencing rehabilitation constitutes an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). (Doc. No. 195).

Defendant raises four new bases justifying relief: (1) Defendant's age at the time of the offense, (2) a sentencing disparity compared to his co-defendants and similarly situated defendants, (3) Sentencing Commission data supporting Defendant's belief that he is unlikely to recidivate, and (4) a change in the sentencing guidelines for bank robberies that would result in a one-level decrease if the Court sentenced Defendant today. *See generally* (Doc. No. 199; Doc. No. 202).[2] Additionally, Defendant requests that the Court appoint counsel to assist him with his request for compassionate release. (Doc. No. 200).

---

[1] Defendant later filed a motion titled "Motion for the Court to Grant Amended Motion for Reduction in Sentence and Appoint Counsel" in which he argues that the Court should grant Defendant's motion to amend because it gave the Government twenty-one days to file a response and "to [Defendant's] knowledge they have not done so." (Doc. No. 204 at 1). Because the Government filed its response within the ordered time (Doc. No. 203), the Court denies Defendant's motion. (Doc. No. 204).

[2] Defendant also argues in the motion to supplement and amend that as the result of a "change in law," he would not receive the same sentence if the Court sentenced him today because "his prior convictions would not qualify for

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "'th[at] rule of finality is subject to a few narrow exceptions,'" including § 3582(c)(1)'s "compassionate release" mechanism. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). As a result of the First Step Act of 2018, § 3582(c)(1)(A) now permits a defendant to file a motion for compassionate release directly with the district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).[3]

The Court may grant such a motion only if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "the factors set forth in section 3553(a) to the extent they are applicable" warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021)), *cert. denied*, 142 S. Ct. 2742 (2022). According to the Tenth Circuit, district courts have the discretion to "independently

---

enhancement purposes." (Doc. No. 199 at 2, 4). However, Defendant subsequently informed the Court that he wishes to abandon this argument "[a]fter doing some research in the law library" and discovering that "[his] assault conviction would still qualify [him]" as a career offender. (Doc. No. 202 at 1).

[3] Because the Tenth Circuit has held that this "exhaustion requirement" is a mandatory claim-processing rule rather than a jurisdictional rule, the Government can waive this requirement. *United States v. Hemmelgarn,* 15 F.4th 1027, 1030–31 (10th Cir. 2021). Because the Government concedes in its response that Defendant "exhausted his administrative remedies under DOJ policy," the Court finds that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. (Doc. No. 203 at 4).

3

determine the existence of 'extraordinary and compelling reasons,'" and Congress intended to circumscribe that discretion "under the second step of the statutory test by requiring district courts to find that a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission." *McGee*, 992 F.3d at 1044. However, the Sentencing Commission has not yet issued an "applicable policy statement" for motions filed by defendants as opposed to those filed by a warden. *Maumau*, 993 F.3d at 831.

To grant a motion for compassionate release, the Court must address each of the three steps outlined in § 3582(c)(1)(A). *Hald*, 8 F.4th at 938. The Court may, however, "deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *Id.* (internal quotation marks omitted) (quoting *McGee*, 992 F.3d at 1043). Accordingly, the Court denies Defendant's Motion to Supplement or Amend the Request for Compassionate Release (Doc. No. 199) because Defendant has failed to present any extraordinary and compelling reasons justifying his release and the § 3553(a) factors do not warrant a sentence reduction.

Defendant's first basis for relief is his age at the time of the offense. According to Defendant, at the time of the offense, he was twenty-two years old and "was immature, irresponsible, and vulnerable to negative influences, namely family and peers." (Doc. No. 199 at 6). Because other courts "have found an offender's youth at the time of the offense to be a combining factor to warrant a reduction," Defendant asks this Court to do the same.

(*Id.*) (citing, e.g., *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121 (D. Utah Feb. 18, 2020), *aff'd*, 993 F.3d 821 (10th Cir. 2021)).[4]

In response, the Government argues that "Defendant's circumstances are far different from the facts of the decision he cites in support." In *Maumau*, the "Tenth Circuit affirmed sentencing relief to Mr. Maumau based in part on his stacking . . . sentences." (Doc. No. 203 at 4). However, Defendant was not convicted of any stacking counts. Additionally, the Government notes that Defendant's sentence of 210 months "is much shorter than Mr. Maumau's sentence (55 years)," and that at the time of the offense, "Defendant already had accumulated a violent juvenile disposition, a prior conviction for robbery with firearm, and prior convictions for first-degree burglary and assault with a dangerous weapon." (*Id.* at 4-5). The Court agrees with the Government and holds that Defendant's age at the time of the offense does not present an extraordinary or compelling reason justifying a sentence modification.

Although Defendant was only twenty-two at the time of the offense, he had already accumulated two violent felonies. *See United States v. Wright*, No. 07-CR-38-TCK, 2021 WL 2893855, at *6 (N.D. Okla. July 9, 2021) (denying a motion for compassionate release, in part, because, "despite [defendant's] youth, he had already accrued a serious criminal

---

[4] The Court finds the caselaw Defendant cites unpersuasive because, unlike in Defendant's case, each of the cited cases involved "stacked" mandatory sentences of substantial length. Although the *Maumau* court considered "Maumau's young age at the time of sentencing," that case also involved an "incredible" fifty-five-year sentence that arose from consecutive mandatory sentences for violations of § 924(c), which the First Step Act eliminated (though not retroactively). *Maumau*, 993 F.3d at 837 (internal quotation marks omitted). In this case, Defendant was convicted of a one-count indictment and sentenced to 210 months of imprisonment—the minimum sentence within the advisory guideline range of 210 to 262 months. (Doc. No. 81 at 1–2; Doc. No. 151 ¶ 61). The courts in Defendant's cited cases found that excessively long sentences arising from a now-eliminated sentencing scheme constituted extraordinary and compelling circumstances justifying relief; in this case, Defendant's sentence presents no such extraordinary circumstance.

5

history by the time of this conviction at age 21, including two felony convictions"). Because Defendant did not receive a stacked sentence, and because he already had a criminal history of violent felonies, the Court finds that Defendant's youth at the time of the offense is not a compelling or extraordinary reason justifying release.

Defendant's second basis for relief is that his 210-month sentence "create[ed] an unwarranted disparity between [his] sentence and that of his co-defendants, as well as similarly situated defendants." (Doc. No. 199 at 4–5). Defendant argues his sentence is extraordinarily long as compared to "his co-defendant who participated in the robbery"; Eddie and Vivian Ayala, who "entered the bank"; and Alexcia Hopkins, who, along with Ms. Ayala, "authored the demand note." (*Id.* at 5). On the other hand, the Government contends that "significant factors [ ] caused the Court to impose meaningfully different sentences for the four defendants. (Doc. No. 203 at 7). Specifically, the Government argues that "the Court reasonably distinguished Defendant's role and criminal history from his co-defendants and appropriately sentenced to a much longer term of imprisonment" because "Defendant (1) was the mastermind of the robbery, (2) recruited accomplices to actually go into the bank to rob it, and (3) kept more robbery proceeds than anyone else . . . ." (*Id.* at 7–8).

The Court agrees with the Government that Defendant's criminal history and role in the offense justify any disparity between Defendant's sentence and his co-defendants. Defendant draws on language from 18 U.S.C.A. § 3553(a)(6) to argue that the disparity between his sentence and his co-defendants' is "unwarranted." 18 U.S.C.A. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider . . . the

6

need to avoid *unwarranted* sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .") (emphasis added). In analyzing this statute, the Tenth Circuit has emphasized the need to avoid *unwarranted* sentencing disparities and has upheld sentences that are longer than those imposed on similarly situated defendants as long as the longer sentence is justified by a "good reason," such as sentencing enhancements triggered by the defendant's own behavior. *United States v. Espinoza*, No. 21-8068, 2022 WL 1112531, at *2 (10th Cir. Apr. 14, 2022).

The sentencing Court determined that Defendant's leadership role in the offense, history of serious offenses, and the fact that "[t]his was a very serious offense [that] impacted innocent people's lives" justified the Defendant's lengthier sentence. (Doc. No. 90 at 16:1–7). Accordingly, the Court finds that the sentencing Court had "good reason" to impose a lengthier sentence on Defendant than his co-defendants and no unwarranted sentencing disparity justifies relief in this case.

Next, Defendant argues that data from the [U.S. Sentencing] Commission which shows he is not a danger warrants a sentence reduction. (Doc. No. 199 at 8). Referencing a Sentencing Commission study, Defendant claims that "it is not likely that he would return to prison" because he "is between 30–39 years old," "has a college degree," and "has served 120 months or more." (*Id.*). Further, Defendant also cites Sentencing Commission data indicating that "the average term imposed for robbery in the 10th Circuit is 91 months" to argue that his sentence was unduly long. (*Id.*). The Government contends that "Defendant's references to Commission data or average sentences in this circuit do not take into account the particular facts of this case" and that Defendant's sentence "at the bottom end of the

advisory range for a career offender was reasonable and should not be modified." (Doc. No. 203 at 8).

The Court agrees with the Government and finds that Defendant's sentence as imposed satisfies the § 3553(a) factors and does not constitute an extraordinary or compelling reason for relief. The Court commends Defendant for earning his college degree and trade certifications. However, as discussed above, Defendant, who had a history of adult criminal convictions for violent felony offenses, orchestrated a bank robbery. This offense was severe and impacted innocent lives. Accordingly, the Court finds that the sentence as imposed is appropriate "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Additionally, as the Government notes and as discussed above, Defendant's sentence is within his advisory guideline range as a career offender. Therefore, the Court finds that the § 3553 factors do not warrant compassionate release, and Defendant's sentence was not unreasonably long as to constitute an extraordinary or compelling justification for a sentence modification.

Defendant's final argument for compassionate relief is that a change in the sentencing guidelines would result in a lesser sentence if the Court sentenced Defendant today. According to the Defendant, if the Court sentenced him today, he "would not receive a one-level increase based on the 'loss amount'" because "the Commission amended 2B3.1 of the guidelines to now require a 'loss amount of $20,000 or more' to receive a one-level increase." (Doc. No. 202 at 1–2). Because "the guidelines required $10,000 or more" at the time of Defendant's sentencing, Defendant argues that, today, he "would have a guideline

range of 188–235 months" with a "Criminal History [level of] VI due to the Career Offender enhancement." (*Id.* at 2). In response, the Government claims that "Defendant misses the mark" and that "[h]is controlling advisory range at his 2011 sentencing was the career-offender provision under U.S.S.G. § 4B1.1—not any Guidelines range for bank robbery." (Doc. No. 203 at 6).

The Government is correct that the sentencing court calculated Defendant's advisory guideline range according to U.S.S.G. § 4B1.1 rather than § 2B3.1. (Doc. No. 151 ¶ 28). Therefore, Defendant's advisory guideline range would be the same today as it was in 2011: 210 to 240 months. Because (1) Defendant was at least eighteen years old at the time of the offense, (2) bank robbery is a felony that is a crime of violence, and (3) Defendant had two prior felony convictions of crimes of violence, Defendant is classified as a career offender. U.S.S.G. § 4B1.1. Thus, Defendant's offense level was calculated by applying U.S.S.G. § 4B1.1 for career offenders because Defendant's offense level under that provision was higher than the offense level calculated pursuant to U.S.S.G. § 2B3.1. (Doc. No. 151 ¶ 28). Regardless of U.S.S.G. § 2B3.1's "loss amount" for robbery, Defendant's guideline range would remain unchanged under U.S.S.G. § 4B1.1. Accordingly, the Court finds no sentencing disparity in Defendant's case arising from a change in the sentencing guidelines.

Lastly, Defendant asks the Court to "appoint [ ] counsel to help develop [his] argument for a compassionate release/reduction in sentence" if the Court grants his Motion to Amend. (Doc. No. 200). The Court finds that Defendant is not entitled to the appointment of counsel to develop his request for compassionate release. *See Hemmelgarn*,

9

15 F.4th at 1032 ("[T]here is no constitutional right to counsel to aid in a defendant's request for compassionate release."). Accordingly, the Court denies Defendant's Motion for Appointment of Counsel. (Doc. No. 200).

For the reasons set forth herein, Defendant's Motion for Compassionate Release (Doc. No. 188), Motion to Supplement and Amend the Request for Compassionate Release (Doc. No. 199) and Motion to Appoint Counsel (Doc. No. 200) are DENIED.

IT IS SO ORDERED this 27th day of July 2022.

*David L. Russell* (signature)
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE